**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley L Nelson, | No. CV-21-00456-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Intuit, | |
| Defendant. | |

Plaintiff Bradley L. Nelson ("Plaintiff"), proceeding *pro se*, filed this employment discrimination action against Defendant Intuit ("Intuit") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et. seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Doc. 1.) Plaintiff claims Intuit discriminated against him based on his age and disability when it failed to hire him for an open position. (Doc. 1.) Pending before the Court is Plaintiff's Application for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) For reasons explained below, the Court: (1) grants the Application to Proceed *In Forma Pauperis*; (2) dismisses Count One with leave to amend; and (3) grants service of process by the United States Marshal as to the remaining claims.

**I.    Background**

The Complaint alleges the following: Plaintiff is an adult male over the age of forty and suffers from "a history of disabilities, permanent shoulder damage (will require a shoulder replacement), heart disease, permanent heart damage, history of a [sic] physical

difficulties in walking, permanent elbow damage (requires surgery), permanent loss of hearing[,] and permanent loss of enjoyment of life." (Doc. 1 at 2, 5).

Between 2003 and 2006 Plaintiff worked for Intuit as a Sales Consultant and Client Services Representative where he was ranked number one on his sales team and in the top ten percent for all sales personnel. (Doc. 1 at 6.) During Plaintiff's employment, "Intuit provided [him] a reasonable accommodation…by giving Plaintiff additional time off … because of a neck injury." (Doc. 1 at 6.) On April 22, 2006, Intuit terminated Plaintiff because of his participation in a discrimination lawsuit. (Doc. 1 at 6, 11.) Intuit senior manager Brad Smith "told or inferred to other community leaders that defending against EEOC litigation was too costly and that he would not employ anyone who has participated in any such litigation." (Doc. 1 at 11.) Plaintiff claims his termination was without notice and that other similarly situated individuals with lower performance metrics remained employed. (Doc. 1 at 6.)

Since his 2006 termination, Plaintiff has applied for reemployment with Inuit over fifty times. (Doc. 1 at 7.) At some unspecified time, Intuit granted Plaintiff an interview for at least one unspecified position. (Doc. 1 at 3.) Plaintiff indicates that he "was qualified to perform the essential functions of the Client Services Representative, Sales Account Manager, [and] Salesperson position[.]" (Doc. 1 at 9.) Plaintiff further indicates that the interview was promising. (Doc. 1 at 3.) Following the interview, an HR representative allegedly viewed Plaintiff's LinkedIn page. (Doc. 1 at 3.) Intuit did not hire Plaintiff. (Doc. 1 at 6.)

Plaintiff alleges that Intuit hired "similarly situated individual[s]." (Doc. 1 at 7.) Specifically, Plaintiff claims that four different employees—who came from the same company and performed the same functions as Plaintiff—were hired while Plaintiff was not. (Doc. 1 at 7.) Plaintiff asserts that Intuit did not hire him based on his age and/or disability. (Doc. 1 at 6.)

On November 6, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Civil Rights Division of the Arizona

Attorney's General's Office. (Doc. 1 at 5.) The EEOC issued a right-to-sue letter under Charge No. 35A-2021-00 00055C on August 6, 2021. (Doc. 1 at 6.)[1] Plaintiff did not attach the right-to-sue letter to his Complaint and did not provide information on the claim he submitted to the EEOC. It is unclear whether the EEOC investigated or made any findings regarding Plaintiff's charge. On November 5, 2021, Plaintiff filed the instant Complaint. (Doc. 1.) He requests damages and injunctive relief. (Doc. 1 at 14-15.)

**II.    The Application to Proceed *In Forma Pauperis* is Granted**

The Court may authorize the commencement and prosecution of a civil action in forma pauperis "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In *in forma pauperis* proceedings officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Here, Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) indicates that his monthly expenses nearly exceed his monthly income and that he has less than $100 in his checking account. (Doc. 2.) The Court finds good cause to grant Plaintiff's Application to proceed *In forma pauperis*.

**III.   *In Forma Pauperis* Screening**

   **A.  Standard of Review**

The Court has a statutory obligation to screen a *pro se*, *in forma pauperis* complaint before ordering it served. 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). A district court must screen and dismiss actions filed by a plaintiff *in forma pauperis* if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also*

---

[1] Plaintiff provides EEOC Charge No. 35A-2021-00 00055C as related to the administrative proceedings underlying this matter. The Court notes that this EEOC Charge Number resembles the EEOC Charge number provided in Plaintiff's separate case involving a different Defendant. (*See* 4:21-CV-00455-JCH Doc. 1 at 5) ("EEOC Charge No. 35A-2021-00055C").

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Screening orders apply the same standard applied to a Federal Civil Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint under Rule 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A formulaic recitation of a cause of action with conclusory allegations is insufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

**IV.   Analysis**

**A. Exhaustion of Administrative Remedies**

A private or state employee who believes he has been discriminated against must file a complaint with the EEOC within 180 days of the alleged discrimination. 29 U.S.C. § 626(d) (2000). The party must file an action within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(l (Title VII); 42 U.S.C. § 12117(ADA); 29 U.S.C. § 626(e) (ADEA); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir.2006) (per curiam) (finding Title VII and ADEA claims were untimely because complaint was filed more than 90 days after EEOC's issuance of right-to-sue letter).

Plaintiff filed his Complaint on November 5, 2021, within 90 days after the EEOC's right-to-sue letter issued on August 6, 2021. (Doc. 1 at 6.) Plaintiff did not attach his right-to-sue letter from the EEOC. Thus, the Court will presume the scope of the claims alleged in this Complaint track the claims made to the EEOC for purposes of administrative exhaustion. *See Leong v. Potter*, 347 F.3d 1117, 1122(9th Cir. 2003) (explaining that only claims "like or reasonably related to allegations" raised in EEOC charge and investigation are within the district court's jurisdiction) (citation and internal quotation marks omitted).

### B. Count One: Title VII Claim

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII does not apply to claims of age discrimination. *See infra* part IV.C. To establish a prima facie case for Title VII discrimination, plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff fails to allege that he is a member of a protected class as contemplated by Title VII. It is unclear whether Plaintiff can or will allege a claim of discrimination based on race, color, religion, sex, or national origin. Moreover, Plaintiff does not indicate if or how any similarly situated individuals outside of his protected class were treated more favorably. Therefore, Count One is dismissed.

### C. Count Two: ADA Claim

To state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege that he: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) suffered an adverse employment action because of his disability. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *see* 42 U.S.C. § 12112.

Plaintiff alleges specific facts to support that he is disabled within the meaning of the ADA. Moreover, Plaintiff indicates that he was qualified to perform "…the essential functions of the Client Service Representative, Sales Account Manager, Salesperson position…with reasonable accommodations," presumably positions for which Plaintiff applied. (Doc. 1 at 9.) Plaintiff alleges that Intuit hired at least four "similarly situated individual[s]" with comparable work experience whereas he was rejected. (Doc. 1 at 7.)

Further, Intuit knew or had reason to know of Plaintiff's disability and his accommodations due to his previous employment at Intuit. (Doc. 1 at 7.) According to Plaintiff, Intuit's unwillingness to provide similar accommodations was the reason he wasn't rehired. (Doc. 1 at 9.) Count Two will be allowed to proceed.

### D. Count Three: ADEA Claim

The ADEA prohibits an employer from failing to hire, discharging, or otherwise discriminating on the basis of age against an individual who is at least 40 years of age. 29 U.S.C. § 623(a)(1). Under the failure to hire standard, "[a] plaintiff makes out a prima facie case of intentional discrimination under the ADEA if he demonstrates [1] that he was within the protected class of individuals between forty and seventy years of age, [2] that he applied for a position for which he was qualified, and [3] that a younger person with similar qualifications received the position." *Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987) (emphasis added).

Plaintiff states that he is at least 40 years of age, that he was qualified for the positions for which he applied, and that "similarly situated younger employees were hired by Intuit." (Doc. 1 at 4.) The Court will construe "similarly situated" to mean younger individuals with similar qualifications were hired for the same positions. As such, Count Three will be allowed to proceed.

### E. Count Four: Title VII Retaliation

To state a claim of retaliation under Title VII, Plaintiff must put forth evidence sufficient to show that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between his activity and the employment decision. *See Hashimoto v. Dalton,* 118 F.3d 671, 679 (9th Cir.1997). Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to "oppose[ ]" an employer's discriminatory practices. 42 U.S.C. § 2000e–3(a).

Plaintiff alleges Intuit senior manager Brad Smith "told or inferred to other community leaders that defending against EEOC litigation was too costly and that he would

not employ anyone who has participated in any such litigation." (Doc. 1 at 11.) Because of his involvement in a discrimination lawsuit against Intuit in 2006, Plaintiff alleges that he was blacklisted, and Intuit's failure to rehire amounts to retaliation under Title VII. (Doc. 1 at 11.) Count Four will be allowed to proceed.

## V.     Leave to Amend

While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the Plaintiff should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000). A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile. Count One will be dismissed, and Plaintiff is granted leave to file an amended complaint, meaning Plaintiff may, if he so chooses, file an amended complaint in an effort to address the existing flaws in the dismissed claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure. Plaintiff is warned that if he elects to file an amended complaint which fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.

…

## VI. Order

**IT IS ORDERED**:

1. Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**;

2. Count One is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order.

3. Defendant Intuit must answer Count Two, Count Three, and Count Four. Defendant Intuit must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

4. The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Intuit.

5. Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

6. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

7. The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

8. The United States Marshal must notify Defendant Intuit of the commencement of this action as soon as practicable and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Intuit must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of**

**service of summons is returned as undeliverable or is not returned by a Defendant within 15 days from the date the request for waiver was sent by the Marshal, the Marshal must:**

    A. personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and (h)(1) of the Federal Rules of Civil Procedure, as appropriate; and

    B. within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

Dated this 7th day of December, 2021.

_____
Honorable John C. Hinderaker
United States District Judge